UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLAUKOS CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LONG DOAN, an individual, and SPYGLASS PHARMA, INC., a Delaware corporation,<br><br>Defendants. | Case No. 8:25-cv-2105-DOC-JDE<br><br>AMENDED SUPERSEDING STIPULATED PROTECTIVE ORDER |

Based on the Parties' Stipulation (Dkt. 237) and for good cause shown, the Court finds and orders as follows. This Order supersedes all prior Confidentiality Protective Orders entered in the action.

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery, including disclosures under Rule 26, and the protection it affords from public disclosure and use extends only to the limited

information or items that are entitled to confidential treatment under the applicable legal principles.

2. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter, pursuant to rule 26(c) of the Federal Rules of Civil Procedure or any other applicable authority. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electronics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.

4. DEFINITIONS

4.1 Action: Case No. 8:25-cv-02105-DOC-JDE Glaukos Corporation v. Long Doan et al.

4.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely confidential and/or sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party is likely to cause a risk of serious harm or significant competitive disadvantage to the Producing Party.

4.5 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.7. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or

maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness in this Action under FRCP 26(a)(2), including the Expert's support staff, provided that: (1) such Expert is not presently an officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party, and (2) such Expert is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

4.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10 Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

5. <u>SCOPE</u>

5.1 All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, or any business or competitive function. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

5.2 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

5.3 Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure of its own Protected Material to any person for any reason.

5.4 This Order does not preclude any Party or Non-Party from using Protected Material with the written consent of the Producing Party or by order of the Court.

5.5 This Order does not preclude any Party or Non-Party from moving the Court for additional protection of any Discovery Material or modification of this Order, including, without limitation, moving for an order that certain matter not be produced at all.

5.6 Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

6. DURATION

Even after the Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or, a court order otherwise directs, or the information was made public during trial or on appeal. For purposes of this Order, “Final Disposition” occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

7. DESIGNATING PROTECTED MATERIAL

7.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party’s attention that information or items that it designated for protection do not qualify for protection, that Designating

Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend"), to each page that contains protected material. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY legend to each page that contains Protected Material.

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record before the close of deposition or by sending written notice of which portions of the transcript of the testimony are designated and the level of protection being asserted within 30 days of receipt of the final transcript of the testimony. During the 30-day period, the entire transcript will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any Protected Material that is used in the deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the testimony is recorded (by video or otherwise), the original and all copies of the recording shall be designated pursuant to the terms of this Protective Order. Counsel for any Producing Party shall have the right to exclude from depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusions shall be applicable only during periods of examination or testimony regarding such Protected Material.

Parties shall give the other parties notice if they reasonably expect a deposition to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at the deposition. The use of a document as an exhibit at a deposition shall not in any way affect its

designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) when electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 9.2(c), the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation associated with the native file. The parties reserve the right to object to the use of any image format version of a document produced in native file format to the extent any information has been altered.

7.3 Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order in a timely manner upon learning of the inadvertent failure to designate. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its

notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy all Discovery Material that was not designated properly.

A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

8. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Any challenge to a designation of Discovery Material under this Order shall comply with the procedures set forth in Local Rule 37-1.

8.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

For avoidance of doubt, nothing herein restricts a Producing Party's use or disclosure of its own information or items, including information or items that the Producing Party has designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. A Producing Party may use or disclose its own information or items for any purpose, in any manner, and to any person or entity, including outside of this Action.

9.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) up to two (2) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action. At least fourteen (14) days before access to the Protected Material is to be given to an Expert, the Expert shall complete the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the same shall be served upon the Producing Party along with the full name and corporate residence of the proposed Expert and the following "Pre-Access Disclosure Requirements":

(i) a current curriculum vitae of the Expert;

(ii) identification of the Expert's present employer and job title;

(iii) identification of all the person's past and current employment and consulting relationships in the past five years, including direct relationships and relationships through entities owned or controlled by the person;

(iv) identification of each person or entity from whom the person has received compensation or funding for work in the person's areas of expertise or to whom the person has provided professional services, including in connection with a litigation, at any time in the past five years; and

(v) a listing (by name and number of the case, filing date, and location of court) of any litigation in connection with which the

person has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

The Party seeking to disclose Protected Material shall provide such other information regarding the person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Expert.

<u>Objection Process</u>: The Producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the Expert. In the absence of an objection within fourteen (14) days of the date on which the Producing Party receives notice that an Expert will be given access to Protected Material, the person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the person prior to expiration of this fourteen (14) day period, unless the Producing Party confirms in writing that it has no objection to the disclosure to the Expert, in which case the Receiving Party can disclose the Protected Material to the Expert. If an objection is received within that fourteen (14) day period, the Parties agree to meet and confer within seven (7) days following the objection and to use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party shall serve on the other Party a Joint Stipulation pursuant to Local Rule 37-2.1 within seven (7) days

of the meet and confer. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d) the court and its personnel;

(e) court reporters, videographers, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author, custodian, or recipient of a document containing the information, or any other individual who appears to have had access to the specific information at issue based on the face of the document, the document's metadata, other documents, or sworn witness testimony;

(h) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(i) any other person with the prior written consent of the Producing Party; and

(j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not

be disclosed to anyone except as permitted under this Stipulated Protective Order. If a Designating Party believes a Party is not cooperating in good faith in seeking to show Protected Material to a witness during a deposition, the Designating Party may seek a further protective order under Local Rule 37 to prevent the showing of Protected Material to the witness, with the Designating Party bearing the burden of proof to show that the party seeking to show Protected Material to a witness during a deposition is not acting in good faith.

9.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to: the individuals identified in Paragraphs 9.2 (a)-(i), who are not competitive decision-makers of a Party as designated by applicable authorities.

10. PROSECUTION BAR.

After execution on July 7, 2026, of the Order by Magistrate Judge Early adopting the Special Master's Report and Recommendation and Modifying Protective Order (Dkt. 182), Outside Counsel of Record or House Counsel who receive a Producing Party's material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order who accesses or otherwise learns of, in whole or in part, said material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order shall not prepare, prosecute, supervise, advise, counsel, or assist in the preparation or prosecution of any patent application seeking a patent on behalf of the Receiving Party or its acquirer, successor, or predecessor in the field of intracameral and intraocular implants, sustained-release drug delivery, and manufacturing processes related to such implants or

drug delivery beginning from the execution of this Amended Order by the Court on July 7, 2026 and for two years after final termination of this action. The applicability of this provision is to be determined on an individual-by-individual basis such that an individual attorney who has not received Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not restricted from undertaking any activities by virtue of this provision even if said individual attorney is employed by or works for the same firm or organization as an individual who has received such Protected Material.

11. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION If a Party is served with a subpoena, including one issued by any court, arbitral, administrative, or legislative body, or a court order issued in other litigation, that requests or compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the

Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the

Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive a Producing Party's right to maintain the disclosed document or information as Protected Material.

## 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13.1 The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable

efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

13.2 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14. MISCELLANEOUS

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the

sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.4 Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

14.5 Successors. This Order shall be binding upon the Parties hereto, their successors, and anyone who obtains access to Protected Material.

15. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

Based on the Parties' Stipulation (Dkt. 237) and for good cause shown, IT IS SO ORDERED.

DATED: September 29, 2026

JOHN D. EARLY
United States Magistrate Judge