HAYNES AND BOONE, LLP
Kenneth G. Parker/Bar No. 182911
ken.parker@haynesboone.com
Tamara I. Devitt/Bar No. 209683
tamara.devitt@haynesboone.com
Andrea Levenson/Bar No. 323926
andrea.levenson@haynesboone.com
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
T: (949) 202-3000 | F: (949) 202-3001

IRELL & MANELLA LLP
Lisa S. Glasser (223406)
lglasser@irell.com
Tony Q. Rowles (301209)
trowles@irell.com
Stephen M. Payne (310567)
spayne@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Plaintiff
GLAUKOS CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

GLAUKOS CORPORATION, a Delaware Corporation,

Plaintiff,

v.

LONG DOAN, an individual; SPYGLASS PHARMA, INC., a Delaware corporation,

Defendants.

Case No. 8:25-cv-2105

**GLAUKOS CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT LONG DOAN'S AMENDED COUNTERCLAIMS ONE AND TWO**

**Date: October 19, 2026**
**Time: 8:30 am**
**Dept. 10A**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. Doan's Section 17200/16600.1 Claim Must Be Dismissed For Lack Of Article III And Statutory Standing ..... 1

B. Doan's Section 16600.5 Claim Must Be Dismissed For Lack Of Article III And Statutory Standing ..... 5

III. LEAVE TO AMEND SHOULD BE DENIED ..... 10

IV. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ascon Props., Inc. v. Mobil Oil Co.*,
866 F.2d 1149 (9th Cir. 1989) ........ 10

*Bass v. Blitt and Gaines, P.C.*,
No. 16-CV-6874, 2016 WL 6877729 (N.D. Ill. Nov. 22, 2026) ........ 7

*Brunett v. Convergent Outsourcing, Inc.*,
982 F.3d 1067 (7th Cir. 2020) ........ 4

*Campbell v. Anniemac Home Mortg.*,
No. CV1608795ABAJWX, 2017 WL 8180578 (C.D. Cal. Feb. 23, 2017) ........ 8

*Chaudhry v. City of Los Angeles*,
751 F.3d 1096 (9th Cir. 2014) ........ 8

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) ........ 1

*Coleman v. Quaker Oats Co.*,
232 F.3d 1271 (9th Cir. 2000) ........ 9, 10

*Davis v. Astrue*,
874 F. Supp. 2d 856 (N.D. Cal. 2012) ........ 8

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
No. 3:16-CV-00014-GPC-BLM, 2016 WL 6523428 (S.D. Cal. Nov. 3, 2016) ........ 7

*Friends of the Earth v. Sanderson Farms, Inc.*,
992 F.3d 939 (9th Cir. 2021) ........ 3, 7

*Fund for Animals, Inc. v. Lujan*,
962 F.2d 1391 (9th Cir. 1992) ........ 8

*Ha v. Bank of Am., N.A.*,
No. 5:14-CV-00120-PSG, 2014 WL 6904567 (N.D. Cal. Dec. 8, 2014) ........ 5

**Page(s)**

*Horton v. Takeda Pharms. USA, Inc.*, No. D085379, 2025 WL 3753527 (Cal. Ct. App. Dec. 29, 2025) .......... 9

*Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010) .......... 8

*L & F Homes & Dev., L.L.C. v. City of Gulfport, Miss.*, 538 F. App'x 395 (5th Cir. 2013) .......... 7

*Lau v. County of Los Angeles*, 806 F. Supp. 3d 1128 (C.D. Cal. 2025) .......... 8

*Lazares v. Shopify (USA), Inc.*, No. 24-CV-07125-HSG, 2025 WL 1397504 (N.D. Cal. May14, 2025) .......... 5

*Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980 (9th Cir. 1999) .......... 10

*Maghoney v. Dotdash Meredith, Inc.*, No. 24-CV-2394-AJB-BJW, 2026 WL 497402 (S.D. Cal. Feb. 23, 2026) .......... 7

*Manzanarez v. Madera Collection Servs.*, 722 F. Supp. 3d 1074 (E.D. Cal. 2024) .......... 8

*Mashiri v. Vital Recovery Servs., Inc.*, No. 14-CV-00231-BAS BLM, 2014 WL 4249800 (S.D. Cal. Aug. 27, 2014) .......... 4

*Najafi v. Pompeo*, Case No. 19-cv-05782-KAW, 2020 WL 12863353 (N.D. Cal. Sept. 14, 2020) .......... 8

*Race Winning Brands, Inc. v. Gearhart*, No. SACV 22-1446-FWS-DFM, 2023 WL 4681539 (C.D. Cal. Apr. 21, 2023) .......... 3

*Shirokov v. Dunlap, Grubb & Weaver, PLLC*, No. CIV.A. 10-12043-GAO, 2012 WL 1065578 (D. Mass. Mar. 27, 2012) .......... 4

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) .......... 3, 5

**Page(s)**

*Stannard v. State Ctr. Cmty. Coll. Dist.*, No. 1:22-CV-01250 JLT EPG, 2025 WL 2808435 (E.D. Cal. Oct. 2, 2025) .......... 4

*Twitter, Inc. v. Paxton*, 56 F.4th 1170 (9th Cir. 2022) .......... 4

*In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015) .......... 10

*Wedge v. Crayola LLC*, No. 26-CV-00397-JSC, 2026 WL 1229582 (N.D. Cal. May 5, 2026) .......... 1

**Statutes**

Cal. Bus. & Prof. Code § 16600 .......... 3, 6

Cal. Bus. & Prof. Code § 16600.1 .......... 1, 2, 5

Cal. Bus. & Prof. Code § 16600.5 .......... 5, 9

Cal. Bus. & Prof. Code § 17200 .......... 1, 2, 4, 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) .......... 3, 7

Fed. R. Civ. P. 15(a) .......... 10

Fed. R. Civ. P. 16(b) .......... 9, 10

Fed. R. Civ. P. 37(c)(1) .......... 3, 6, 9

# I. INTRODUCTION

Doan's Counterclaims One and Two should be dismissed for lack of standing. Doan's opposition confirms this by entirely ignoring multiple, independently dispositive standing defects in his pleading. For others, he belatedly asks to add new allegations that contradict the pleading and his deposition, and were not disclosed during discovery, which has closed. Doan's Counterclaims should be dismissed.

# II. ARGUMENT

## A. Doan's Section 17200/16600.1 Claim Must Be Dismissed For Lack Of Article III And Statutory Standing

Doan's Counterclaim One alleges that "Glaukos required Doan on multiple occasions to enter into employment agreements—including the CIA and the 2024 NDA—that contain unlawful non-solicitation clauses," and was required to send a notice letter stating that the agreement has "an unlawful non-compete/non-solicitation clause." CCs ¶¶ 48-49. Doan seeks only injunctive relief on this claim, *id.* ¶ 51, and monetary damages are not recoverable under Section 17200.

Because Doan seeks only injunctive relief, Doan was required to plead and prove a "threatened injury" that is (1) "redressable by a favorable ruling," (2) "*certainly* impending," and (3) "traceable to the conduct" at issue. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original). As detailed below, Doan's opposition fails to engage fundamental defects in each of these independent prongs.

***First***, regarding redressability, the only harm that Doan's pleading alleges he incurred in connection with Counterclaim One is paying approximately $10,000 in attorneys' fees. CCs ¶¶ 28, 52. Doan's opposition does not dispute that an injunction could not redress this alleged injury, nor could he. *Wedge v. Crayola LLC*, No. 26-CV-00397-JSC, 2026 WL 1229582, at *4 (N.D. Cal. May 5, 2026) ("Even assuming the Amended Complaint plausibly alleges injury in fact through lost money and property, the requested injunctive relief will not redress that injury. So, the Amended

Complaint does not plausibly allege Article III standing to seek injunctive relief based on lost money and property.”). On this basis alone, standing is absent.

***Second***, Doan’s opposition does not address the “certainly impending” element for the Section 17200/16600.1 claim, and it is not met. The pleading explicitly alleges that the alleged attorneys’ fees “were incurred ***prior to the filing of this litigation***.” CCs ¶ 28 (emphasis added). As the harm was in the past, it is not “impending.” Moreover, the pleading admits the allegedly void provision only applied “for a period of twelve (12) months,” which has expired. CCs ¶ 23, Ex. C at 3.

Unable to engage these basic standing deficiencies, Doan’s opposition attempts to confuse the issues by suggesting that he is incurring fees in ***this litigation***. Opp. at 6 (“Doan also alleges he incurred defense costs in this litigation,” “continued defense fees”). This new argument directly contradicts the pleading, which as noted above explicitly alleges that the alleged $10,000 in attorneys’ fees “were incurred prior to the filing of this litigation.” CCs ¶ 28. The complaint does not allege that Doan incurred any other attorneys’ fees, and during discovery Doan produced as evidence of fees only screenshots of the single payment to Mr. Burtt:




Glasser Decl. ISO Reply Ex. B (DOAN_000020242).

Moreover, any fees incurred defending this litigation would be irrelevant, as the allegedly void language in the Agreement is not at issue in this litigation. The only non-solicitation language that Glaukos asserts in this litigation was breached is expressly limited to conduct “while Employee is employed by Employer,” FAC (Dkt. 89), ¶ 85 (breach by “soliciting and influencing Glaukos employees to leave Glaukos and join him at SpyGlass ***while he was still employed by Glaukos***.”) (emphasis added). Doan does not dispute this language is lawful, and this Court has

already held it is lawful (Dkt. 184 at 4). It is settled law that section 16600 is inapplicable to "an employee's conduct or duties while employed." *Race Winning Brands, Inc. v. Gearhart*, 2023 WL 4681539, at *9 (C.D. Cal. Apr. 21, 2023) (citations omitted). Doan's opposition does not address this dispositive point at all. Doan presents no argument—nor could he—that this litigation includes claims based on the allegedly unlawful language provision of the Agreement.

In any event, any attempt to now claim that this litigation itself is the violation would be barred by *Noerr-Pennington* and the litigation privilege (presumably one reason Doan's pleading specifically limits the claim to pre-suit fees).

***Third***, yet another, independent standing defect is that the alleged harm is "fairly traceable" to the conduct at issue (inclusion in the employment agreement of other non-solicitation language that is not a basis for any of Glaukos's claims). *Spokeo*, 578 U.S. at 338. Mr. Doan testified that the attorney he paid fees to (Mr. Burtt), CCs ¶ 28, was hired for a different purpose—to help with a forensic investigation requested by Glaukos—and Mr. Doan has no memory of the attorney performing work on non-solicitation at all. Glasser Decl. Ex. A at 2:23-25, 3:1-19. Doan's declaration now claiming a contrary memory that he "engaged David Burtt of Mobility Legal to advise me on the enforceability of the non-solicitation provision" (Dkt. 238-1) has no legal effect for several reasons. First, it contradicts his deposition testimony stating that Doan has no memory of such work. *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021) (attempt to contradict deposition testimony on Rule 12(b)(1) motion by declaration disregarded). Moreover, this position was not disclosed during fact discovery, which has now closed, and is therefore inadmissible. Fed. R. Civ. P. 37(c)(1). Additionally, the new declaration is contrary to the pleading itself, which alleges that Mr. Burtt was not hired until January 13, 2025 (CCs Ex. E, Dkt. 220-5) and describes Mr. Burtt as handling the forensic investigation that began at that time. CCs ¶¶ 31-40.

Moreover, although it is not necessary to reach this issue in view of the three independent standing defects above, Doan's alleged attorneys' fees also could not create Article III standing because voluntarily seeking legal advice is not a cognizable injury in fact. *See, e.g.*, *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1176 (9th Cir. 2022) (fees to obtain advice about a Civil Investigation Demand [CID] did not create an Article III injury, "because the actions were voluntary" given that "the CID is not self-enforcing."); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020) ("[a] desire to obtain legal advice is not a reason for universal standing."); *Stannard v. State Ctr. Cmty. Coll. Dist.*, No. 1:22-CV-01250 JLT EPG, 2025 WL 2808435, at *8, *10 (E.D. Cal. Oct. 2, 2025) (dismissing claim for lack of Article III standing where plaintiff alleged harm from "hir[ing] a lawyer to defend himself from [his school]'s investigations"). Doan cites only one case, *Shirokov*, to argue the contrary. *Shirokov* is inapposite because it involved a fraud scheme that specifically threatened that the victim would need to "consult with an attorney" if they did not immediately pay $1,500 to the defendant. 2012 WL 1065578, at *2-*6 (D. Mass. Mar. 27, 2012). The other cases Doan cites do not involve pre-suit attorneys' fees.

Finally, Doan's statement in his opposition brief that "he has suffered emotional harm because of Glaukos's conduct" has no bearing on Counterclaim One. His pleading alleges emotional harm only for Counterclaim Two,[1] not Counterclaim One. Further, as Doan's opposition brief admits, Counterclaim One is based on Section 17200, which requires "lost money or property." Opp. at 14. He relied entirely on the alleged $10,000 in attorneys' fees for this element. *Id*. Doan does not argue that emotional harm could satisfy it, nor could he. *E.g., Mashiri v. Vital Recovery Servs., Inc.*, No. 14-CV-00231-BAS BLM, 2014 WL 4249800, at *5 (S.D. Cal. Aug. 27, 2014) ("[E]motional distress does not constitute lost money or property as

[1] As detailed further in the section below regarding Counterclaim Two, Doan's allegations of "emotional harm" are entirely conclusory and also not connected to the alleged conduct at issue. They are therefore inadequate for this reason as well.

contemplated by the UCL."); *Ha v. Bank of Am., N.A.*, No. 5:14-CV-00120-PSG, 2014 WL 6904567, at *3 (N.D. Cal. Dec. 8, 2014) ("severe emotional distress" not cognizable under section 17200); *see also Lazares v. Shopify (USA), Inc.* 2025 WL 1397504, at *4, *5 (no standing for 17200 claim that defendant "failed to provide [plaintiff] with notice that its non-compete agreements are void, as required under § 16600.1" because the plaintiff did not allege "economic injury as a result of the agreements or this exit letter."). For each of these independent reasons, Doan's Counterclaim One must be dismissed for lack of Article III and statutory standing.

### B. Doan's Section 16600.5 Claim Must Be Dismissed For Lack Of Article III And Statutory Standing

Doan's Counterclaim Two contends that Glaukos violated section 16600.5 by entering into an agreement with Doan in February of 2024 that allegedly improperly restricted his ability to solicit Glaukos employees, and then allegedly "attempted to enforce" that provision. CCs ¶ 55-56. The only harm that Doan's pleading alleges for Counterclaim Two is the conclusory statement, "Glaukos's efforts to enforce the void non-solicitation provision in its CIA have caused Doan to suffer emotional harm." CCs ¶ 56; *see also id.* ¶ 5 ("emotional harm, including anxiety and stress.").

Doan's opposition does not dispute his failure to plead that the alleged emotional distress is "fairly traceable" to the specific conduct at issue—the specific language within the non-solicitation provision that Doan contends is unlawful. *Spokeo*, 578 U.S. at 338. Instead, Doan attempts two distractions. First, Doan tries to change the topic to "emotional harm he has suffered because of Glaukos's continued enforcement actions." Opp. at 11. Doan does not identify the alleged "enforcement action," but only one legal action has ever existed between the parties—the present suit. Any alleged emotional difficulties Doan is experiencing as a defendant in this suit are irrelevant, as this suit does not involve the allegedly unlawful language. Rather, the contract claims in this case address breaches of confidentiality, misuse of Glaukos property, and solicitation specifically ***while***

***Doan was still a Glaukos employee***, and the specific contract language prohibiting that conduct. FAC ¶ 84-85. Doan does not argue that any of the contract language prohibiting these actions is unlawful. Further, the Court has already held—tracking well-established California law—that prohibiting solicitation during employment is lawful (Dkt. 184 at 4 (explaining that "section 16600 'does not affect limitations on an employee's conduct or duties *while employed*.'") (emphasis in original)).

Second, Doan submits a declaration now claiming—for the first time, and after the close of discovery—that he experienced "nightmares," "shortness of breath," and "bouts of migraines" because of a letter Glaukos sent on October 15, 2024. Dkt. 238-1, ¶ 6. This untimely evidence is barred by Federal Rule 37(c)(1). None of these symptoms are mentioned in the pleading or ever mentioned by Doan during the fact discovery period. Nor was any information or documentation relating to them produced during discovery. As a result, Glaukos had no ability to take discovery about these new allegations, which would have included medical records and other document requests, and deposition questioning of Doan and other witnesses. Doan does not contend otherwise, nor does he contend that this failure was justified or harmless.

Glaukos did question Doan at his deposition about the only symptom he did allege in the pleading or disclose during discovery ("anxiety"), and Doan testified under oath that his alleged anxiety was simply the result of the entire situation surrounding this litigation and not based on any "one thing" (much less the particular allegedly unlawful sentence in his contract, or part of a letter citing that sentence, as would be necessary to demonstrate standing).[2] Glasser Decl. Ex. A at 4:9-18 ("it's just all of it. I've just never been in a situation like this before and -- and it's very worrisome, it's very stressful. I think it's all of it combined -- combined together,

---

[2] Doan claims that the court may not resolve any 12(b)(1) factual challenge as "intertwined with the merits," but does not identify any intertwinement. In any event, Glaukos makes multiple, independent ***facial*** 12(b)(1) challenges to the pleading.

there's -- there's not one thing that stands out per se that you're asking."). *Friends*, 992 F.3d at 944-45 (9th Cir. 2021) (attempt to contradict deposition testimony on Rule 12(b)(1) motion by declaration disregarded).

It may well cause anxiety to be caught taking thousands of confidential documents from a prior employer, lying about possessing them, and using trade secrets at a competitor, and now being the defendant in a federal lawsuit and subject of a preliminary injunction. But it is well-settled that distress about "litigation" or an overall "situation" is far from an injury proven by Doan to be traceable to the specific conduct that Doan alleges is wrongful. Notably, as discussed above, it is undisputed that the allegedly unlawful part of the contract is not even part of the lawsuit. *L & F Homes & Dev., L.L.C. v. City of Gulfport, Miss*., 538 F. App'x 395, 408 (5th Cir. 2013) (dismissal for lack of Article III standing where the plaintiff failed to introduce evidence that his "mental anguish was caused by [defendant]'s underlying unlawful conduct, as apart from general litigation fatigue"); *Bass v. Blitt and Gaines, P.C.*, No. 16-CV-6874, 2016 WL 6877729, at *1-2 (N.D. Ill. Nov. 22, 2016) (Article III standing absent in claim over allegedly unlawful sentence in a Notice of Hearing for lack of traceability, where plaintiff's emotional distress related to the entire "commencement of the state action."); *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:16-CV-00014-GPC-BLM, 2016 WL 6523428, at *7 (S.D. Cal. Nov. 3, 2016) (granting motion to dismiss for lack of standing claim for delayed notice of data breach, as "it is entirely unclear how any of the injuries identified by Plaintiff have been caused or compounded by Defendants' alleged failure to promptly notify Plaintiff" as opposed to the data breach generally).

Further, Doan does not seriously dispute that the "emotional harm" allegations of the pleading are inadequate—thus, his attempt to add new allegations in the declaration. It is well-settled that bare, generalized allegations of emotional harm cannot establish standing. *See, e.g., Maghoney v. Dotdash Meredith, Inc.*, No. 24-CV-2394-AJB-BJW, 2026 WL 497402, at *7 (S.D. Cal. Feb. 23, 2026) (no

Article III standing where claims of "'concrete emotional distress, including anxiety'" were "conclusory at best, failing to set forth any information or detail regarding Plaintiff's alleged emotional distress"); *Campbell v. Anniemac Home Mortg.*, No. CV1608795ABAJWX, 2017 WL 8180578, at *2 (C.D. Cal. Feb. 23, 2017) (denying Article III standing because "Plaintiff's allegations that she suffered 'emotional distress, humiliation, and embarrassment' are conclusory, and she does not support these allegations with specific claims of genuine injury"); *Manzanarez v. Madera Collection Servs.*, 722 F. Supp. 3d 1074, 1081 (E.D. Cal. 2024) ("[A] perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing.").

The cases Doan cites confirm this, as none involve a generic assertion of "anxiety" untethered to the allegedly wrongful conduct. *See, e.g., Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1101 (9th Cir. 2014) (detailed descriptions of witnessing plaintiffs' son's mutilated body); *Lau v. County of Los Angeles*, 806 F. Supp. 3d 1128, 1133 (C.D. Cal. 2025) (wrongful criminal investigation); *Najafi v. Pompeo*, Case No. 19-cv-05782-KAW, 2020 WL 12863353, at *4 (N.D. Cal. Sept. 14, 2020) (being stuck in a city "that is likely to be targeted if a war was to break out" creating "stress, anxiety, insomnia, and depression"); *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1396 (9th Cir. 1992) ("psychological injury" from witnessing animal slaughter arose "out of the direct sensory impact") (internal quotations and citations omitted); *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010) (disclosure of private financial information directly led to anxiety manifested by "'substantial amounts of time checking his 401(k) and bank accounts'"); *Davis v. Astrue*, 874 F. Supp. 2d 856, 860, 863 (N.D. Cal. 2012) (alleged discrimination leading to emotional distress that required medical intervention).

Recognizing that the generic "emotional harm" pleading is inadequate, Doan attempts to shift to an argument based on attorneys' fees, incorrectly asserting that Doan also alleges "pre-suit attorneys' fees, defense fees" for Counterclaim Two.

However, the pleading contains no reference to any such alleged harm for Counterclaim Two, which relies entirely on the alleged emotional harm allegation. Moreover, any attorneys' fees argument would not resolve the standing issue for each of the reasons detailed above in Section II.A regarding Counterclaim One. Further, Doan does not even argue that there is good cause to amend the counterclaims now, for a second time, long after the deadline for amendment of the pleadings and after the close of discovery, to add such an allegation. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Under Rule 16(b), [plaintiffs] must show good cause for not having amended their complaints before the time specified in the scheduling order expired."); Fed. R. Civ. P. 37(c)(1) (information not disclosed in discovery cannot be used at trial or on a motion).

Furthermore, while the multiple Article III standing defects detailed above require dismissal, Doan also has not pled facts that would satisfy statutory standing under section 16600.5 itself. In *Horton v. Takeda Pharms. USA, Inc.*, No. D085379, 2025 WL 3753527, at *5 (Cal. Ct. App. Dec. 29, 2025), the Court of Appeal held explicitly that section 16600.5 requires the plaintiffs to "demonstrate their legally protected interest in engaging in lawful work has been injured by the defendant." *Id.* at *5 ("In short, the complaint does not attempt to show how Defendants' alleged conduct interfered with Plaintiffs' ability to practice their chosen profession, and it therefore fails to state a cause of action. Thus, Plaintiffs have not met their burden to establish standing."). Similarly, Doan indisputably has not—and cannot—plead that he was prevented from engaging in lawful work. In fact, Doan's own pleadings show the opposite: Doan joined competitor SpyGlass and does not allege that restrictions against soliciting Glaukos employees hindered his career in any way. CCs at ¶ 25. Doan does not dispute any of this. Instead, he argues that the case was different from *Horton* because in that case no lawsuit was filed based on the allegedly unlawful provision. But that is exactly the scenario present here—there is a lawsuit, but it does

not include any claim based on the allegedly unlawful provision. Therefore, the Court should dismiss Doan's claim for lack of standing for this additional reason as well.

## III. LEAVE TO AMEND SHOULD BE DENIED

Doan has not even attempted to satisfy the good cause standard to amend his counterclaims. Doan's only argument is based on Rule 15(a) and associated cases. Opp. at 20. But "Under Rule 16(b), [Doan] must show good cause for not having amended [his] complaint[] before the time specified in the scheduling order expired." *Coleman*, 232 F.3d at 1294. "This standard primarily considers the diligence of the party seeking the amendment." *Id.* (internal citations and quotations omitted). Doan cannot show diligence because the newly alleged facts have been available to him since inception of the litigation, and Glaukos specifically identified the defects in its August 7, 2026 motion. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("'The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.'"), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015).

Moreover, even under the more generous Rule 15(a) standard, the amendment is inappropriate. Doan has already amended once in an attempt to address the standing issue, and further amendment would be seriously prejudicial as discovery has closed and the parties are preparing for trial. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

## IV. CONCLUSION

For the reasons outlined above, Doan's Counterclaims One and Two should be dismissed for lack of standing, without leave to amend.

DATED: October 5, 2026

/s/ Lisa Glasser

IRELL & MANELLA LLP
Lisa S. Glasser (223406)
lglasser@irell.com
Tony Q. Rowles (301209)
trowles@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
T: 949-760-0991 | F 949-760-5200

HAYNES AND BOONE, LLP
Kenneth G. Parker/Bar No. 182911
ken.parker@haynesboone.com
Tamara I. Devitt/Bar No. 209683
tamara.devitt@haynesboone.com
Andrea Levenson/Bar No. 323926
andrea.levenson@haynesboone.com
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
T: (949) 202-3000 | F: (949) 202-3001

*Attorneys for Plaintiff*
*GLAUKOS CORPORATION*

## L.R. 11-6.1 CERTIFICATION

The undersigned, counsel of record for Plaintiff, certifies that this brief is 10 pages long, which complies with the page limit requirement of the Court's standing order.

DATED: October 5, 2026

/s/ Lisa Glasser

IRELL & MANELLA LLP
Lisa S. Glasser (223406)
lglasser@irell.com
Tony Q. Rowles (301209)
trowles@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
T: 949-760-0991 | F 949-760-5200

HAYNES AND BOONE, LLP
Kenneth G. Parker/Bar No. 182911
ken.parker@haynesboone.com
Tamara I. Devitt/Bar No. 209683
tamara.devitt@haynesboone.com
Andrea Levenson/Bar No. 323926
andrea.levenson@haynesboone.com
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
T: (949) 202-3000 | F: (949) 202-3001

*Attorneys for Plaintiff*
*GLAUKOS CORPORATION*